## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| MATTHEW STEVENS, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USA TODAY SPORTS MEDIA GROUP, LLC and GANNETT CO., INC.<br><br>Defendants. | 1:24-cv-00483-MSN-LRV<br><br>Hon. Michael S. Nachmanoff |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO FILE *INSTANTER* AMENDED AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 15, Defendants USA Today Sports Media Group, LLC ("SMG") and Gannett Co., Inc. ("Gannett") (collectively, "Defendants"), by counsel, hereby move for leave to file *instanter* Amended Affirmative Defenses to Plaintiff's Collective Action Complaint, and in support states as follows:

1. Plaintiff filed his Collection Action Complaint on August 17, 2023. (ECF 1.)

2. Defendants filed their Answer and Affirmative Defenses to Plaintiff's Collective Action Complaint on October 20, 2023. (ECF 7.)

3. Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave" to amend pleadings "when justice so requires." The Supreme Court has held that

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should be, as the rules require, freely given.

*MercExchange, L.L.C. v. eBay, Inc.*, 271 F. Supp. 2d 784, 786 (E.D. Va. 2002) (granting leave to amend answer), quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Medigen of Ky., Inc. v. Public Svc. Comm'n of W. Va.*, 985 F.2d 164, 168 (4th Cir. 1993).

4. In this case Plaintiff, on behalf of himself and the collective that he purports to represent, brings this case under the Fair Labor Standards Act ("FLSA") alleging that he and the collective were not properly paid minimum wage or overtime under federal law. Plaintiff (and the collective) are Site Editors, and Plaintiff alleges that he regularly watched and analyzed Baltimore Ravens football games and other team news so that he could <u>write</u> and publish approximately 40 sports articles per week. *See* Complaint, ¶ 16. Plaintiff further alleges that Site Editors, as a whole, "regularly watched and **<u>wrote</u>** recaps, previews, social media posts and other content concerning their respective team." *Id*., ¶ 25 (emphasis added).

5. Here, Defendants request leave to plead only one additional affirmative defense, to assert defense of the FLSA Creative Professional Exemption under 29 C.F.R. § 541.302 as an alternative defense theory in the event that Plaintiff is deemed an employee and not an independent contractor. Under the FLSA, an employee may be exempt where his or her primary duty is "work requiring invention, imagination, or originality or talent in a recognized field of artistic or creative endeavor…." *See* 29 C.F.R. § 541.302(a). To qualify for the exemption as a creative professional, the employee's work must be performed in a "recognized field of artistic or creative endeavor," and the exemption expressly includes, as some examples, "such fields as music, **<u>writing</u>,** acting and graphic arts." *See* 29 C.F.R. § 541.302(b) (emphasis added).

6. Journalism is "a medium in which creativity is possible." *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 700 (3d Cir. 1994). And in many cases "[t]he journalist is constantly making judgments regarding which facts to include and which to omit, which facts to emphasize, and how

310933241v.1

the story should be slanted." Edward D. Cavanaugh, *Journalists as Professionals: Rethinking the Professional Exemption Under the Fair Labor Standards Act*, 16 Loy. L.A. Ent. L.J. 277, 289 (1995).

7. The Creative Professional Exemption defense is relevant and necessary because, as alleged by Plaintiff, articles are written following a Site Editor's review of content concerning their respective team. Compl., ¶ 25. In other words, a Site Editor's written content is based on their perspective and perceptions of their respective team, which is different from Site Editor to Site Editor. In fact, the U.S. Department of Labor's Wage and Hour Division expressly stated that

> [e]very journalist who performs appropriate duties qualifies for the creative professional exemption. Every journalist—regardless of size, prestige, or geographic reach of the journalist's employer—whose primary duties are work requiring intervention, imagination, originality, or talent, as opposed to work which depends primarily on intelligence, diligence, and accuracy, whose work product is not subject to substantial control by the employer, and who meets the exemption's salary level requirements, is exempt as a creative professional.

*See* U.S. Dep't of Labor, Wage and Hour Division, FLSA2021-7 (Jan. 19, 2021) (https://www.dol.gov/sites/dolgov/files/WHD/opinion-letters/FLSA/2021_01_19_07_FLSA.pdf)

8. Defendants' proposed Amended Affirmative Defenses are attached hereto as Exhibit A, which asserts that Plaintiff's claims, and those of the collective that he purports to represent, fail to the extent that they are creative employees and thereby exempt from overtime under the FLSA pursuant to 29 C.F.R. § 541.302. For ease of reference, a redline depicting the proposed addition to Defendants' Affirmative Defenses is attached hereto as Exhibit B.

9. There is no undue delay, bad faith, or dilatory motive underpinning Defendants' request to add the additional affirmative defense.

10. The case remains in its early stages. The parties have not exchanged written discovery and no depositions regarding the merits of this case have taken place. In light of the

foregoing, Plaintiff will not face an undue burden in responding to Defendants' new affirmative defense.

For the reasons set forth above, Defendants respectfully request that the Court grant them leave to file *instanter* its Amended Affirmative Defenses.

Dated: May 8, 2024

Respectfully submitted,

GANNETT CO., INC. and USA TODAY SPORTS MEDIA GROUP, LLC

*/s/ Christine Costantino*
Christine Costantino (VA 86986)
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004
(p) (202) 463-2400
(f) (202) 828-5393
ccostantino@seyfarth.com

Camille A. Olson (IL 6191835)*
Richard B. Lapp (IL 6191534)*
Paul Yovanic, Jr. (IL 6327815)*
SEYFARTH SHAW LLP
233 S. Wacker Dr., Ste. 8000
Chicago, IL 60606
(p) (312) 460-5000
(f) (312) 460-7000
rlapp@seyfarth.com
colson@seyfarth.com
pyovanic@seyfarth.com

*Attorneys for Defendants*

*\* pro hac forthcoming*

310933241v.1

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| MATTHEW STEVENS, individually and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>USA TODAY SPORTS MEDIA GROUP, LLC and GANNETT CO., INC.<br><br>        Defendants. | 1:24-cv-00483-MSN-LRV<br><br>Hon. Michael S. Nachmanoff |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 8, 2024, a true and correct copy of the forgoing was filed with the Clerk of the Court using the CM/ECF system, which will automatically send electronic notification of such filing to the following attorneys of record:

        James E. Goodley (VA 87573)
        Goodley McCarthy LLC
        1650 Market Street, Suite 3600
        Philadelphia, PA 19103
        Telephone: (215) 394-0541
        james@gmlaborlaw.com
        *Attorneys for Plaintiff and Proposed FLSA Class*


        */s/ Christine Costantino*
        Christine Costantino
        ccostantino@seyfarth.com
        Seyfarth Shaw LLP
        975 F Street, NW, Washington, DC 20004
        Phone (202) 463-2400 / Fax (202) 828-5393